# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RANDY EUGENE WHITEHEAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:11CR98-1 |
| ) | 1:13CV524 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On January 13, 2012, this Court (per now-Chief United States District Judge William L. Osteen, Jr.) entered judgment against Petitioner imposing, <u>inter alia</u>, a term of imprisonment, as a result of his guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). (Docket Entry 16; <u>see also</u> Docket Entries dated June 7 and Nov. 15, 2011 (documenting plea and sentencing hearings.)[1] Petitioner did not appeal. (Docket Entry 20, ¶ 8.) On June 28, 2013, the Court docketed a filing signed by Petitioner on June 25, 2013. (Docket Entry 17.) The Court treated said filing as a procedurally-defective motion under 28 U.S.C. § 2255 and promptly sent him the proper form for such a motion. (<u>See</u> Docket Entries 18, 19.) Using that form, on July 24, 2013, Petitioner signed and submitted to prison officials for mailing a pro se Motion to Vacate, Set Aside,

---

[1] Parenthetical citations refer to Petitioner's criminal case.

or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 20.)  The United States filed a response asking for dismissal, inter alia, based on untimeliness (Docket Entry 24) and Petitioner replied (Docket Entry 28).  The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that "[t]he Federal Government had no jurisdiction in [his] case."  (Docket Entry 20, ¶ 12(Ground One)(a); see also id. (cross-referencing Docket Entry 17 at 1-28).)  Specifically, Petitioner contends National Fed'n of Indep. Bus. v. Sebelius, ___ U.S. ___, 132 S. Ct. 2566 (2012) ("NFIB"), "clarified the scope of the Commerce Clause and the Necessary and Proper Clause, [and that] the specific facts of [his] [c]ase were outside this scope."  (Docket Entry 17 at 3.)

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]."  28 U.S.C. § 2255(f).  Further:

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about January 27, 2012, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on January 13, 2012. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same).  That one-year period expired on or about

3

January 27, 2013, approximately five months before Petitioner filed the procedurally-defective version of his Section 2255 Motion.

Petitioner does not argue that the delayed accrual provisions of Paragraphs (2), (3), or (4) of Subsection 2255(f) apply to his Section 2255 Motion. (See Docket Entry 20, ¶ 18.) Instead, under the heading "Timeliness of Motion," he:

1) relies on McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013), which (as he notes) "'hold[s] that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations'" (Docket Entry 20, ¶ 18 (quoting McQuiggin, ___ U.S. at ___, 133 S. Ct. at 1928)); and

2) asserts that "lack of Congressional jurisdiction . . . can not be time barred" (id.).

These arguments lack merit. See, e.g., United States v. Rose, 714 F.3d 362, 371 (6th Cir.) ("[The defendant's] expansive reading of [NFIB] to include stripping Congress of its authority to regulate the intrastate manufacture and possession of child pornography is inaccurate."), cert. denied, ___ U.S. ___, 134 S. Ct. 272 (2013); United States v. Scruggs, 691 F.3d 660, 666-67 (5th Cir. 2012) ("Of course, a challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's very power to hear the case. But at issue [here] is not that the court lacks power to adjudicate this case — his § 2255

4

motion — but rather a want of jurisdiction in his criminal case. Jurisdictional claims are subject to the one-year limitations period for § 2255 claims . . . ." (internal footnotes omitted)); cert. denied, ___ U.S. ___, 133 S. Ct. 1282 (2013); Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255."); Cobb v. United States, Nos. 7:09CR486-LSC-TMP, 7:13CV8024-LSC-TMP, 2014 WL 6893085, at *6 (N.D. Ala. Dec. 5, 2014) (unpublished) ("[The] [m]ovant in the instant case seeks to have his convictions [for receiving and possessing child pornography] vacated on the grounds that the district court lacked jurisdiction over [him] because the reach of the Commerce Clause did not extend to his activities, and because his use of the computer as a device for accessing the pornography was not a sufficient 'jurisdictional hook.' Because the holding in NFIB does not extend nearly so far as [the] [m]ovant urges . . ., the court finds that these arguments are completely devoid of merit." (internal footnote omitted)); United States v. McCall, Nos. 1:10CR63-WJG-RHW, 1:13CV271-WJG, 2014 WL 1094770, at *1-2 (S.D. Miss. Mar. 19, 2014) (unpublished) ("[The petitioner] claims that he is actually innocent of the crime [of possession of child pornography], and that the exception for actual innocence to the

statute of limitations . . . is met in his case. According to [the petitioner], the decision in [NFIB] establishes that the [c]ourt did not have jurisdiction over this case, because child pornography is not regulated under the Commerce Clause. . . . The [c]ourt concludes that [the petitioner] has no basis to argue that he is factually innocent of violating [18 U.S.C.] § 2252(a)(4)(B), and finds that his habeas corpus attack on his conviction and sentence should be dismissed, with prejudice, as time-barred. This finding also results in a determination that [the petitioner] has no reason to claim that he is actually innocent of the crime or that the [c]ourt lacked a jurisdictional foundation for the case." (internal citation and footnote omitted)).

As a final matter, at the end of his initial collateral filing, Petitioner cited Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), as support for the proposition that his "sentencing [guidelines] enhancements were unconstitutional." (Docket Entry 17 at 20.) To the extent Petitioner intends that assertion to constitute an independent ground for relief and seeks to avoid the time-bar applicable under Paragraph (1) of Subsection 2255(f) by invoking Paragraph (3) of Subsection 2255(f), his efforts fail because "Alleyne has not been made retroactively applicable to cases on collateral review," United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 27, 2013); see also 28 U.S.C. § 2255(f)(3) (limiting its application to Supreme

Court decisions "made retroactively applicable to cases on collateral review"); United States v. Thomas, Nos. 3:14CV345FDW, 3:92CR284FDW3, 2014 WL 2931077, at *2 (W.D.N.C. June 30, 2014) (unpublished) ("[The] [p]etitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of Alleyne. Section 2255(f)(3) does not apply to render the petition timely, as Alleyne has not been held to be retroactive on collateral review." (internal citation omitted)), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014).[2]

In sum, Petitioner's Section 2255 Motion is untimely.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 20) be dismissed without issuance of a certificate of appealability.

                                        /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                           **United States Magistrate Judge**

January 12, 2015

---

[2] In any event, "[a]s Alleyne had no effect on Guidelines enhancements, [any such claim] is without merit." United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir.), cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014); United States v. Hailey, 563 F. App'x 229, 231 (4th Cir. 2014); United States v. Allen, 567 F. App'x 175, 177 n.2 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 300 (2014).